WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianne G. Rivera, | No. CV-15-02213-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Coventry Health and Life Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendant ("Aetna").[1] (Doc. 9). For the following reasons, the Court grants Aetna's motion to dismiss with leave for Rivera to amend.

## BACKGROUND

Plaintiff Dianne Rivera is a resident and citizen of the State of Arizona. She brings claims against Coventry/Aetna Health Care and/or Aetna Inc. for age and race discrimination, retaliation, hostile work environment, slander and unjust enrichment.

Rivera was employed as a Concierge Specialist at Aetna from June 3, 2013 until August 4, 2014. She alleges that she was hired at a lower wage than others with less experience. However, according to her complaint, Aetna indicated that she would receive bonuses as a material component of her salary resulting in a rate of pay

---

[1] Erroneously named Coventry Health and Life Insurance Company, et al. in the court filings. Defendant's correct name is Aetna Health Management, LLC.

equivalent to $15.00 per hour.  She further alleges she was assured she would receive opportunities for advancement before others received such opportunities and that she would receive monetary contributions to make up for the higher deductible that accompanied her medical insurance benefits.  Rivera claims she accepted the job because Aetna assured her of the bonus plan and the opportunity to advance.

Rivera claims that in October or November of 2013, her supervisor, Aisha Bennett, threatened to terminate her because she left work five minutes early on ten occasions. However, Rivera alleges that on those ten occasions she began work sufficiently early to make up her required time.  Rivera complained about this in a letter to Human Resources.  In the letter, Rivera also informed Human Resources that shortly after she was hired, she questioned her instructors and apparently received some form of reprimand for doing so.  Rivera claims a younger African-American coworker behaved in a similar way but was not reprimanded.

In or around January 2014, some incident occurred in which Rivera raised her voice to a customer.  The complaint implies but does not state that Rivera received a written reprimand for this.

Approximately three months later, Rivera wrote a letter complaining that her supervisors had failed to give her a bonus.  She alleges that she was "written up" in retaliation for submitting this complaint.  In turn, she raised the matter with Von Young, the director of her program.  Shortly thereafter, she was written up by Mr. Young.

Finally, Rivera recounts a department meeting on July 18, 2014, at which she alleges her supervisor stated that Rivera refused to help her fellow employees.[2]  During

---

[2] Rivera vaguely seems to allege that this comment was slanderous in her complaint. Complaint. ¶ 35. However, while Rivera claims this statement was offensive, she fails to allege it is false. Therefore, she does not properly raise a slander claim. *See Snyder v. HSBC Bank, USA, N.A.,* 913 F. Supp. 2d 755, 770. ("Under Arizona law, elements of slander of title are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages.") (internal citations omitted). *Zandonatti v. MERS,* 2011 WL 7553523, at *7 (D.Ariz. Dec. 16, 2011) (citing *City of Tempe v. Pilot Properties, Inc.,* 527 P.2d 515 (Az. Ct. App. 1974) (citing 50 Am.Jur.2d, Libel and Slander § 541, p. 1060 (1970))); *see also In re Mortgage Electronic Registration Systems (MERS) Litigation,* 2011 WL 4550189 at *9 (D.Ariz. Oct. 3, 2011).

1   the same meeting, Rivera alleges that her supervisor explained to the present employees
2   that Rivera was "always hot because she was going through her personal summer."
3   Rivera alleges that this statement singled her out for her age, which humiliated her.

4   It is unclear from the complaint as to why Rivera's employment terminated.

## DISCUSSION

## I.   Legal Standard

### A.   Pleading Standard: Rule 8 and Iqbal/Twombly

8   On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.")
9   12(b)(6), all allegations of material fact are assumed to be true and construed in the light
10  most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th
11  Cir. 2009). To survive dismissal for failure to state a claim pursuant to F.R.C.P. 12(b)(6),
12  a complaint must contain more than "labels and conclusions" or a "formulaic recitation of
13  the elements of a cause of action"; it must contain factual allegations sufficient to "raise a
14  right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
15  (2007). While "a complaint need not contain detailed factual allegations . . . it must plead
16  'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*
17  *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550
18  U.S. at 570). A claim is plausible when Rivera presents factual content which "allows
19  the court to draw the reasonable inference that [Aetna] is liable for the misconduct
20  alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at
21  556). The plausibility standard "asks for more than a sheer possibility that a defendant
22  has acted unlawfully. Where a complaint pleads facts which are 'merely consistent with'
23  a defendant's liability, it 'stops short of the line between possibility and plausibility of
24  entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations
25  omitted). Similarly, legal conclusions couched as factual allegations are not given a
26  presumption of truthfulness, and "conclusory allegations of law and unwarranted
27  inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d
28  696, 699 (9th Cir. 1998). Rivera must "nudge [her] claims" of invidious discrimination

"across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 547.

### B.    Lower Pleading Standard for Pro Se Litigants

However, pro se litigants will not be held to the same pleading standards as lawyers.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *cf.* F.R.C.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  *Twombly* and *Iqbal* did not alter the treatment of pro se pleadings, so the Court's obligation to construe pro se pleadings liberally remains.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II.    ANALYSIS OF CLAIMS

As a preliminary matter, Rivera represents that she was an exceptional customer service representative and that another employee, who was hired at a higher rate of pay than was Rivera and who received all of her bonuses, required much coaching and did not conform with job requirements.  (Complaint at ¶ 33.)  Rivera states that this constitutes "discrimination and retaliation," (*id.*,) but she failed to allege that the alleged disparate treatment was based on her race, age, or membership in any other protected class.  As such, the facts in paragraph 33 of Rivera's complaint fail to raise a plausible discrimination claim under any legal theory.

### A.    Unjust Enrichment

To plead a claim of unjust enrichment, Rivera must allege "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law."  *Wang Elec., Inc. v. Smoke Tree Resort, LLC,* 230 Ariz. 314, 318 (Ariz. Ct. App. 2012).

"[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."  *Brooks v. Valley Nat. Bank*, 113

Ariz. 169, 174, 548 P.2d 1166, 1171 (1976).  Because a specific contract governed the terms of Rivera's employment with Aetna, her unjust enrichment claim fails.

**B.     Hostile Work Environment**

Construing the complaint liberally, Rivera attempts to raise an age-related hostile work environment claim.  (*See* Complaint at ¶ 35.)  Even if such a claim is cognizable,[3] Rivera fails to allege plausible facts that give rise to such a claim.

To raise a hostile work environment claim, Rivera must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [her] employment." *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, (1986) (internal quotation marks omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" fail to rise to the level of severity necessary to sustain a hostile work environment claim. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).  Here, Rivera alleges one occasion where her supervisor, Ms. Bennet, publically announced that Rivera "was going through a personal summer," a comment that Rivera interpreted as singling her out due to her "age and health conditions."  (Complaint at ¶ 35.)  This isolated comment does not establish severe or pervasive harassing behavior.

**C.     Retaliation**

Title VII "prohibits retaliation against an employee 'because [she] has opposed any practice made an unlawful employment practice'" by Title VII.   *Nelson v. Pima Cmty. College*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). "The elements of a Title VII retaliation claim include: (1) the employee was engaged in a protected activity, (2) the employee was thereafter subjected by his employer to an adverse employment action, and (3) establishment of a causal link between the protected activity and the adverse employment action." *Busby v. Kramer*, 22 F. App'x 758, 760 (9th Cir. 2001).

---

[3] *See Stevens v. Cty. of San Mateo*, 267 F. App'x 684, 685 (9th Cir. 2008) ("Although we have never definitively recognized an age-related hostile work environment claim . . . even if such a claim is cognizable, Stevens failed to provide sufficient evidence to support [any] hostile environment claim.").

Rivera alleges that shortly after she was hired in June 2013, she was reprimanded for questioning her instructors, and a "younger African American female" behaved similarly but was not reprimanded. (Complaint at ¶ 28.) Rivera alleges that she reported this "discrimination" to Human Resources in a letter written months later (drafted primarily to complain that her supervisor was reprimanding her for leaving work early), although it is not clear from her complaint whether she believed she was treated differently from the other employee due to her age, race, or another factor. (*Id.*)

Rivera further alleges that in or around January 2014, she wrote another letter stating that her supervisors had denied her a bonus to which she was entitled. Rivera alleges that she was "written up" after making this complaint and further alleges that her supervisor suggested that Rivera should have expected repercussions after making complaints about a supervisor. (Complaint at ¶ 30.)

Construing the allegations in Rivera's complaint liberally, she nonetheless fails to make out a claim for retaliation because her letter faulting her supervisors for denying her a bonus was unrelated to any allegation of discrimination. (*See* Complaint at ¶ 30.) As such, that letter did not constitute protected activity under Title VII.

Assuming arguendo that the complaint Rivera had made approximately six months earlier (alleging that upon being hired, she was reprimanded for questioning her instructors when a "younger African American female" was not reprimanded for similar behavior) constituted protected activity, and also assuming arguendo that a written reprimand can constitute an adverse employment action, Rivera failed to allege any causal link between this earlier complaint and the adverse employment action six months later. (*See* Complaint at ¶¶ 28-30.) Therefore, Rivera fails to properly allege a claim of retaliation under Title VII.

### D. Age Discrimination

Rivera claims Aetna discriminated against her on the basis of her age and seeks to recover damages, presumably under the Age Discrimination in Employment Act of 1967 ("ADEA"). To allege a disparate treatment claim under the ADEA, Rivera must allege

facts demonstrating that she: "1) was a member of the protected class [age 40-70]; 2) was performing [her] job in a satisfactory manner; 3) was discharged; and 4) was replaced by a substantially younger employee with equal or inferior qualifications." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).

Rivera fails to establish a prima facie case of disparate treatment age discrimination. Rivera satisfies the first two prongs by alleging that she is a "person above the age of 40," (Complaint at ¶ 35,) and that she was "an exceptionally good customer service representative" according to her performance review. (Complaint at ¶ 33.) However, Rivera fails to satisfy the third and fourth prong, as she does not allege how her employment with Aetna came to end, and she fails to allege that she was replaced by "a substantially younger employee with equal or inferior qualifications." *Rose*, 902 F.2d at 1421. The Court therefore dismisses Rivera's age discrimination claim.

### D. Race Discrimination

To make a claim for race discrimination under Title VII, Rivera must properly allege she (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006).

Other than listing "race discrimination" among her claims in the first paragraph of her Complaint, Rivera references race only once, noting that shortly after being hired, she was reprimanded for questioning her instructors when a "younger African American female" was not reprimanded for similar behavior. (Complaint at ¶ 28.)

Nowhere in the Complaint does Rivera declare her own race, and as such, Rivera fails to allege that she is in a protected class. Moreover, assuming as true that Rivera was reprimanded for questioning her instructors, and that one other employee engaged in similar behavior and was not reprimanded, this does not "plausibly suggest an entitlement to relief." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). One isolated incident

of a supervisor handling a similar matter differently with two different employees, with no pleaded facts that connect the inconsistency to race, does not give rise to a plausible race discrimination claim.  Supervisors handle similar matters differently with different employees, due to differences in the employees' attitudes and myriad other variables that affect managerial decisions.  Without facts from which the Court could reasonably infer that the discrepancy was based on race, the claim cannot stand.  *See id.* at 1136 ("[The] Complaint does not allege sufficient facts from which to infer [tortious behavior].").

The Court therefore dismisses Rivera's race discrimination claim.

## III.   LEAVE TO AMEND

### A.   Leave to Amend the Complaint.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In this case, Rivera could cure the defect by asserting plausible claims under applicable laws.   The Court will dismiss the complaint without prejudice and allow Rivera to file an amended complaint which properly invokes this Court's jurisdiction.  Rivera shall have until July 30, 2016 to file an amended complaint.

### B.   Plaintiff's Obligations.

Rivera must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Rivera is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Supreme Court in *Twombly* and *Iqbal* explained the "short and plain statement" required by Rule 8(a)(2) needs to be plausible. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). These pleading requirements shall be set forth in separate and discrete paragraphs. "Each allegation must be simple, concise, and direct." F.R.C.P. 8(d)(1).

Rivera is further advised that if she fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

## CONCLUSION

Liberally construed, Rivera's complaint fails to allege facts that state a plausible claim for unjust enrichment, age-related hostile work environment, retaliation, age discrimination, or race discrimination.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** and the case is dismissed without prejudice with leave to amend **within 30 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint **WITHIN 30 DAYS** of the date of this Order, the Clerk of Court shall dismiss without prejudice and terminate this action without further Order of the Court.

Dated this 30th day of June, 2016.

_____
Honorable G. Murray Snow
United States District Judge